J-S22030-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| PATRICK E. WOOLFORK, JR. | |
| Appellant | No. 2982 EDA 2017 |

Appeal from the Judgment of Sentence Entered August 14, 2017
In the Court of Common Pleas of Bucks County
Criminal Division at No.: CP-09-CR-0005972-2013

BEFORE:  BENDER, P.J.E., STABILE, J. and PLATT, J.[*]

MEMORANDUM BY STABILE, J.:                    **FILED JULY 24, 2018**

Appellant Patrick E. Woolfork, Jr. appeals from the August 14, 2017 judgment of sentence entered in the Court of Common Pleas of Bucks County ("trial court"), following the revocation of his probation.  Upon review, we affirm.

The facts and procedural history of this case are undisputed.  On November 12, 2013, Appellant entered into a negotiated guilty plea to one count of manufacture, delivery, or possession with intent to manufacture or deliver cocaine (35 P.S. § 780-113(a)(30)).[1]  On the same day, the trial court

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] According to the affidavit of probable cause accompanying the criminal complaint, Appellant was accused of delivering .29 grams of crack cocaine to

sentenced Appellant to 24 months' probation.[2] As a condition of his probation, Appellant was required to participate in drug and alcohol treatment.

On December 22, 2015, Appellant signed a stipulation of parole/probation, agreeing to:

> [i]ncurring two new criminal offenses in Bucks County for simple assault and possession of a small amount of marijuana which were both later dismissed; failing to report as directed; and using controlled substances.

Stipulation, 12/22/15 (unnecessary capitalization omitted). As a result, the trial court revoked his instant probation sentence and resentenced him to another two years' probation. *See* N.T. Hearing, 8/14/17, at 3. As a condition of his probation, Appellant was to obtain employment, participate in drug and alcohol treatment and continue to reside at the approved address. *Id.* at 3-4.

On February 1, 2016, a warrant for Appellant's arrest was issued because of his failure to report to New Path Recovery House. *Id.* at 4. On February 16, 2016, following a hearing, the trial court determined that Appellant violated his probation by absconding from supervision, but allowed him to remain on probation. On September 28, 2016, the trial court again

---

a confidential informant. *See* Affidavit of Probable Cause, 5/29/13. Appellant committed this offense while under supervision for prior unrelated offenses.

[2] Appellant's sentence of probation was to run consecutive to his sentence of 9 to 23 months in prison at docket number 5988-2013, which is not the subject of this appeal. The trial court sentenced Appellant at both dockets on the same day following negotiated guilty pleas.

issued a warrant for Appellant's arrest for absconding from supervision, which was rescinded on June 9, 2017.

As the trial court noted:

Since the last violation hearing in February 2016, [Appellant] had failed to report to his parole officer on April 7, 2016, June 7, 2016, September 14, 2016, and September 21, 2016. [Appellant] only met with his parole officer when the parole officer drove around Levittown looking for him. [Appellant] had also failed to provide a verifiable and acceptable address; he originally resided with his cousin in Levittown, relocated to his mother's residence and subsequently began residing with a former offender in the Bloomsdale section of Levittown. On August 17, 2016, [Appellant] tested positive for Benzodiazepine and cocaine. He also failed to engage in drug and alcohol treatment as required.

Trial Court Opinion, 10/17/17, at 3 (record citation omitted). On August 14, 2017, the trial court conducted a violation hearing on Appellant's renewed failure to comply with the terms of his supervision. Among other things, the probation and parole department recommended that Appellant's probation be revoked and that he be resentenced to 18 to 36 months' imprisonment. N.T. Hearing, 8/14/17, at 5. At the hearing, Appellant admitted that he violated the terms of his probation and requested that the trial court impose upon him a county sentence. *Id.* at 6, 9. Following the hearing, the trial court, *inter alia*, revoked Appellant's probation and resentenced him to 18 to 36 months' incarceration with credit for time served.

On August 23, 2017, Appellant filed a motion to modify and reconsider the sentence, which the trial court denied on September 7, 2017. Appellant timely appealed to this Court. The trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Appellant

complied, raising assertions of error challenging the discretionary aspects of his sentence. In response, the trial court issued a Pa.R.A.P. 1925(a) opinion.

On appeal,[3] Appellant presents a single issue for our review. "Whether a sentence of eighteen to thirty-six months for technical probation violations was manifestly excessive?" Appellant's Brief at 4.

At the outset, we note that Appellant does not contest the technical violations at issue. Instead, he argues only that his sentence of 18 to 36 months is manifestly excessive considering he committed only technical violations of his probation sentence.[4] In particular, Appellant objects to the

---

[3] When reviewing a challenge to the trial court's discretion, our standard of review is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will.

*Commonwealth v. Bowen*, 55 A.3d 1254, 1263 (Pa. Super. 2012) (quoting *Commonwealth v. Cunningham*, 805 A.2d 566, 575 (Pa. Super. 2002)), *appeal denied*, 64 A.3d 630 (Pa. 2013); *see Commonwealth v. Simmons*, 56 A.3d 1280, 1283-84 (Pa. Super. 2012) (noting that the imposition of sentence following a revocation is vested within the sound discretion of the trial court), *aff'd*, 91 A.3d 102 (Pa. 2014).

[4] To the extent Appellant claims that, at the revocation hearing, the trial court did not consider mitigating factors evidencing his efforts at reforming himself, we reject this claim. Appellant's Brief at 10. "[W]e have held that a claim that a court did not weigh the factors as an appellant wishes does not raise a substantial question." *Commonwealth v. Zirkle*, 107 A.3d 127, 133 (Pa. Super. 2014). We also have held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." *Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa.

trial court's imposition of total confinement—much less a state sentence. *Id.* at 12-13. As a result, his issue implicates only the discretionary aspects of his sentence. In this regard, we note that it is well-settled that "[t]he right to appeal a discretionary aspect of sentence is not absolute." *Commonwealth v. Dunphy*, 20 A.3d 1215, 1220 (Pa. Super. 2011). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered as a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 162 (Pa. Super. 2007). As we stated in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [708];[5] (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence

_____

Super. 2013) (citations omitted); *see also Commonwealth v. Berry*, 785 A.2d 994, 996-97 (Pa. Super. 2001) (explaining allegation that sentencing court failed to consider certain mitigating factor generally does not raise a substantial question); *Commonwealth v. Cruz-Centeno*, 668 A.2d 536, 545 (Pa. Super. 1995) ("[a]n allegation that a sentencing [judge] 'failed to consider' or 'did not adequately consider' certain factors does not raise a substantial question that the sentence was inappropriate,"), *appeal denied*, 676 A.2d 1195 (Pa. 1996); *Commonwealth v. Bershad*, 693 A.2d 1303, 1309 (Pa. Super. 1997) (finding absence of substantial question where appellant argued the trial court failed to adequately consider mitigating factors and to impose an individualized sentence).

[5] "A motion to modify a sentence imposed after a revocation shall be filed within 10 days of the date of imposition. The filing of a motion to modify sentence will not toll the 30-day appeal period." Pa.R.Crim.P. 708(E).

> appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id.* at 170 (citing *Commonwealth v. Evans*, 901 A.2d 528 (Pa. Super. 2006)). Whether a particular issue constitutes a substantial question about the appropriateness of sentence is a question to be evaluated on a case-by-case basis. *See Commonwealth v. Kenner*, 784 A.2d 808, 811 (Pa. Super. 2001), *appeal denied*, 796 A.2d 979 (Pa. 2002).

Here, Appellant has satisfied the first three requirements of the four-part *Moury* test. Appellant filed a timely appeal to this Court, preserved the issue on appeal through his post-sentence motions, and included a Pa.R.A.P. 2119(f) statement in his brief.[6] We, therefore, must determine only if Appellant's sentencing issues raise a substantial question.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Paul*, 925 A.2d 825, 828 (Pa. Super. 2007). We have found that a substantial question exists "when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Phillips*, 946 A.2d 103, 112 (Pa. Super. 2008) (citation omitted), *appeal denied*, 964 A.2d 895 (Pa.

---

[6] Rule 2119(f) provides that "[a]n appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." Pa.R.A.P. 2119(f).

2009). "[W]e cannot look beyond the statement of questions presented and the prefatory [Rule] 2119(f) statement to determine whether a substantial question exists." *Commonwealth v. Christine*, 78 A.3d 1, 10 (Pa. Super. 2013), *aff'd*, 125 A.3d 394 (Pa. 2015).

This Court does not accept bald assertions of sentencing errors. *See Commonwealth v. Malovich*, 903 A.2d 1247, 1252 (Pa. Super. 2006). When we examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists, "[o]ur inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." *Commonwealth v. Ahmad*, 961 A.2d 884, 886-87 (Pa. Super. 2008) (quoting *Commonwealth v. Tirado*, 870 A.2d 362, 365 (Pa. Super. 2005)). A Rule 2119(f) statement is inadequate when it "contains incantations of statutory provisions and pronouncements of conclusions of law[.]" *Commonwealth v. Bullock*, 868 A.2d 516, 528 (Pa. Super. 2005) (citation omitted).

Here, Appellant asserts in his Rule 2119(f) statement that:

> [T]he sentencing court imposed a manifestly excessive sentence of eighteen (18) to thirty-six (36) month sentence although, Appellant's violations were technical in nature. Appellant asserts that the trial court failed to follow the standards established under 42 Pa.C.S.A. § 9771(c) and 42 Pa.C.S.A. § 9725[7] in imposing the sentence.

---

[7] Appellant's argument premised under Section 9725 of the Judicial Code is waived because Appellant failed to raise it in his post-sentence motion or in

Appellant's Brief at 9. Based on his Rule 2119(f) statement, we conclude that Appellant has raised a substantial question only with respect to his claim that his sentence of total confinement based solely on technical violations was manifestly excessive. **See Commonwealth v. Crump**, 995 A.2d 1280, 1282 (Pa. Super. 2010), **appeal denied**, 13 A.3d 475 (Pa. 2010) ("The imposition of a sentence of total confinement after the revocation of probation for a technical violation, and not a new criminal offense, implicates the fundamental norms which underlie the sentencing process.") (citation and quotation marks omitted); **see also Commonwealth v. Sierra**, 752 A.2d 910, 913 (Pa. Super. 2000) (holding that total confinement sentence following revocation for technical probation violation raises a substantial question). Accordingly, we grant Appellant's petition for allowance of appeal.

It is settled that when a defendant's sentence of probation is revoked, "the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation." 42 Pa.C.S.A. § 9771(b). Following revocation of probation, a trial court may impose upon a defendant a sentence of total confinement only if:

    (1)    The defendant has been convicted of another crime; or

---

his Rule 1925(b) statement. **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); **see also** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

     (2)     the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

     (3)     such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S.A. § 9771(c). "A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." *Crump*, 995 A.2d at 1283. Our Supreme Court has explained:

> [A] trial court does not necessarily abuse its discretion in imposing a seemingly harsher post-revocation sentence where the defendant received a lenient sentence and then failed to adhere to the conditions imposed on him. In point of fact, where the revocation sentence was adequately considered and sufficiently explained on the record by the revocation judge, in light of the judge's experience with the defendant and awareness of the circumstances of the probation violation, under the appropriate deferential standard of review, the sentence, if within the statutory bounds, is peculiarly within the judge's discretion.

*Commonwealth v. Pasture*, 107 A.3d 21, 28-29 (Pa. 2014) (citations omitted). Indeed, the Sentencing Guidelines do not apply to sentences imposed following a revocation of probation. *See Commonwealth v. Ferguson*, 893 A.2d 735 (Pa. Super. 2006), *appeal denied*, 906 A.2d 1196 (2006). "[U]pon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence."[8] *Commonwealth v. Coolbaugh*, 770 A.2d 788, 792 (Pa. Super. 2001).

---

[8] Appellant's sentence of 18 to 36 months' imprisonment does not fall outside of the statutory maximum. *See* 35 P.S. § 780-113(f)(1.1) (noting that the maximum term of imprisonment for delivery of crack cocaine is ten years).

Instantly, the trial court remarked at the revocation hearing:

First of all, [the trial court] find[s] you are in violation of your probation. . . . [The trial court does not] really know where you head was at if what you are telling [the court] is the truth, how you could continue in the community and continue to violate the terms of your supervision.

You have a gentleman like this who is willing to try to work with you so that you can do what it is you are telling [this court] you want to do, and he is working with you in order to do that, and then you are going out and getting high and you are making him chase you around the neighborhood. And, apparently, people trying to help you out is not in any way affecting your behavior. It doesn't change your attitude about your supervision. It doesn't change your conduct. The only thing that does change your conduct is when you are incarcerated. You already served a long-term county sentence for one of the most devastating crimes this community has suffered from, and that's the distribution of controlled substances. It is killing this community like every community.

So based on the fact that you have already served a long-term county sentence, based on the fact that you have been in violation multiple times, you failed to comply consistently with the terms of your supervision, [the trial court] is going to accept the recommendation of Adult Probation and Parole.

N.T. Hearing, 8/14/17, at 12-13. In addition, the trial court offered the following explanation for its sentence.

As [the trial court] also concluded that [Appellant] was likely to commit another crime if not imprisoned and that a sentence of total confinement was necessary to vindicate the authority of the court as required by Section 9771. As [the trial court] noted at the time sentence was imposed, [Appellant] continued to use drugs while on probation and parole and repeatedly absconded supervision despite the best efforts of his probation officer who repeatedly allowed him to remain on supervision despite repeated violations of the conditions of his probation and parole. [Appellant's] refusal to meet with his probation officer, obtain drug and alcohol treatment and obtain/maintain employment unless incarcerated or under threat of incarceration demonstrated to [the trial court's] satisfaction that a term of incarceration was required. Given the fact that [Appellant] had already served a long-term county sentence which had little or no deterrent effect, [the trial court] properly determined that a state sentence was appropriate.

. . . Here, [Appellant] engaged in repeated and flagrant violations of all of the conditions of probation, including drug use, failure to obtain drug treatment, failure to report, [and] failure to maintain

- 10 -

an approved residence. He did so after serving a long-term county sentence and despite the efforts of his probation officer to assist him. These circumstances left [the trial court] with no option but to conclude that he is unwilling or unable to reform.

Trial Court Opinion, 10/17/17, at 6-7.

Here, based upon our review of the record and the trial court's findings as set forth above, we conclude that the trial court did not abuse its discretion in sentencing Appellant to 18 to 36 months' imprisonment following the revocation of his probation. The trial court initially sentenced Appellant to 2 years' probation for his underlying conviction of delivery of crack cocaine, which carries a statutory maximum sentence of 10 years' imprisonment. However, as detailed above, despite countless opportunities by the trial court for Appellant to remain on probation, he continued to violate repeatedly the terms of his probation. As a result, we agree with the trial court that the instant sentence of 18 to 36 months is appropriate and necessary to, *inter alia*, vindicate the authority of the trial court consistent with Section 9771(c). Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/24/18